**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                          No. 03-4609

HERSCHEL KENNETH SANSON,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, Chief District Judge.
(CR-01-212)

Submitted: December 3, 2003

Decided: January 28, 2004

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

### COUNSEL

Marcia G. Shein, LAW OFFICE OF MARCIA G. SHEIN, Decatur, Georgia, for Appellant. Kasey Warner, United States Attorney, Stephanie L. Ojeda, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Herschel Kenneth Sanson appeals his ninety-seven month sentence imposed after he pled guilty to possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d), 5871 (2000). Sanson first argues the district court's use of the 2001 *United States Sentencing Guidelines Manual* (Guidelines Manual) instead of the Guidelines Manual in effect at the time of his offense was plain error. Sanson's offense level was enhanced one extra level because of guidelines amendments concerning the number of firearms involved. *See United States Sentencing Guidelines Manual* § 2K2.1(b) (2001). This increased Sanson's sentencing range from seventy to eighty-seven months of imprisonment to seventy-eight to ninety-seven months.

Sanson did not assert this error before the district court. We therefore review for plain error. *See United States v. Olano*, 507 U.S. 725, 731 (1993). We will exercise our discretion to correct plain error if Sanson demonstrates the satisfaction of four conditions: "(1) [A]n error, such as deviation from a legal rule; (2) the error must be plain, meaning obvious or, at a minimum, clear under current law; (3) the error must affect substantial rights—in other words, the error must be so prejudicial as to affect the outcome of the proceedings in the district court; and, finally, (4) . . . the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Brothers Constr. Co. of Ohio*, 219 F.3d 300, 320 (4th Cir. 2000).

The sentencing court shall use the Guidelines Manual in effect on the date the defendant is sentenced, unless the sentence would violate the Ex Post Facto Clause of the United States Constitution, in which case, the Court shall use the Guidelines Manual in effect on the date the offense of conviction was committed. *U.S. Sentencing Guidelines Manual* § 1B1.11 (2001). As the Government concedes, the district court's application of the 2001 Guidelines Manual was plain error and substantially affected Sanson's rights. We therefore vacate Sanson's sentence and remand for resentencing using the Guidelines Manual in effect at the time Sanson committed his offense. Because we vacate Sanson's sentence for plain error, we decline to address Sanson's

assertion that his counsel's failure to object on this basis amounted to ineffective assistance.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED.*